UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO:

HARRY LAMEIER,

    Plaintiff,

v.

EC SOURCE SERVICES, LLC,
a foreign limited liability company,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, HARRY LAMEIER ("Plaintiff"), pursuant to *29 U.S.C. § 216(b),* hereby files the following Complaint against Defendant, EC SOURCE SERVICES, LLC ("ECS" or "Defendant"), and alleges as follows:

**INTRODUCTION**

1. This is an action arising under the Fair Labor Standards Act ("FLSA"), pursuant to *29 U.S.C. §§ 201-216*, to seek redress of Defendant's violations of the FLSA against Plaintiff during the course of his employment and to recover additional damages arising from Defendant's unlawful retaliation against Plaintiff shortly after he lodged complaints about unlawful overtime practices.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of the state of Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, ECS, was a limited liability company located and transacting business within Okeechobee, Florida, within the jurisdiction of this Honorable Court. ECS operates its principal location at 16055 Space Center Blvd., Suite 500, Houston, Texas 77062.

4. During all times material hereto, Defendant, ECS, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*.

5. During all times material hereto, Defendant, ECS, was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices that led to the FLSA violations alleged herein.

## JURISDICTION AND VENUE

6. The acts and omissions giving rise to this dispute took place within Okeechobee, Florida, which falls within the jurisdiction of this Honorable Court.

7. Defendant, ECS, regularly transacts business in Okeechobee County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

8. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

9. Defendant, ECS, was founded in 2006 to provide heavy equipment leasing services to the energy infrastructure industry.

10. ECS also provides a broad range of construction-related professional services.

11. ECS has been operating in Florida since at least 2010.

## FLSA COVERAGE

12. Defendant, ECS, is covered under the FLSA through enterprise coverage, as ECS was engaged in interstate commerce during Plaintiff's employment period. More specifically, ECS' business and Plaintiff's work for ECS affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, ECS, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A)*.

13. During his employment with Defendant, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: cell phones, clothing, computers, hard hats, forklifts, generators, aerial platform lift trucks, backhoes, oilfield equipment, pipelayers, pumps, scrapers, drills, lifts, powerlines, transmissions, dozers, cranes, masks, excavators, air compressors, cones, hammers, screw drivers, diggers, etc.

14. Defendant, ECS, regularly employed two (2) or more employees for the relevant time period, and these employees handled the same or similar goods or materials as Plaintiff, thus making Defendant, ECS, an enterprise covered by the FLSA.

15. Defendant, ECS, grossed or did business in excess of $500,000.00 during the years of 2017, 2018, 2019, and 2020.

16. During all material times hereto, Plaintiff was a non-exempt employee of Defendant, ECS, within the meaning of the FLSA.

## PLAINTIFF'S WORK FOR DEFENDANT

17. Plaintiff worked for Defendant from on or around August 2019 until May 19, 2020.

18. Plaintiff built transmission powerlines and performed other construction-related work for Defendant.

19. On average, Plaintiff worked for Defendant six (6) days per week.

20. Plaintiff typically worked in excess of forty (40) hours per week for Defendant.

21. At the beginning of workdays, Defendant required Plaintiff to pick up his co-workers and work-related equipment prior to his regular work schedule. Plaintiff spent between one (1) and two (2) hours per day performing these compensable preliminary activities for Defendant.

22. Defendant failed to pay Plaintiff for the time he spent picking up his co-workers and work-related equipment prior to his regular work schedule.

23. Defendant paid Plaintiff $30 per hour. Thus, Plaintiff's overtime rate, at time-and-one-half his regular hourly rate was $45 per hour.

24. Defendant failed to pay Plaintiff for certain overtime hours that he worked during his employment period.

## **DEFENDANT RETALIATES AGAINST PLAINTIFF**

25. On May 15, 2020, Plaintiff advised his supervisor that Defendant was not paying him all of his accrued FLSA overtime wages.

26. On that same day, Plaintiff also advised his supervisor that Defendant was not paying him properly for his preliminary activities, which constituted about two (2) hours of work per day.

27. Within forty-eight (48) hours of lodging these complaints of unlawful overtime practices, Defendant unlawfully terminated Plaintiff.

## **COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS –** *29 U.S.C. § 207*

28. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 27 as though set forth fully herein.

29. Defendant failed to compensate Plaintiff at the proper overtime rate of time-and-one-half required by the FLSA for all hours worked in excess of forty (40) per week.

30. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA, as Defendant knew of the overtime requirements of the FLSA.

31. Defendant recklessly failed to investigate whether Defendant's payroll practices were in accordance with the FLSA during the relevant time period.

32. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

33. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, HARRY LAMEIER, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, EC SOURCE SERVICES, LLC, and award Plaintiff: (a) unliquidated damages; (b) liquidated damages; (c) reasonable attorney's fees and costs; and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## **COUNT II – FLSA RETALIATION IN VIOLATION OF** *29 U.S.C. 215(a)(3)*

34. Plaintiff re-avers and re-alleges Paragraphs 1 through 27 above, as though fully set forth herein.

35. Pursuant to *29 U.S.C. § 215(a)(3)*, it is unlawful to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or caused to be instituted any proceeding under or related to the FLSA.

36. On May 15, 2020, Plaintiff advised the company in writing that it was not paying him proper overtime under the FLSA.

37. Within two (2) days of Plaintiff asserting his right to overtime under the FLSA, Defendant terminated Plaintiff.

38. A direct causal relationship exists between Plaintiff asserting his rights under the FLSA and the abrupt termination in less than two (2) days.

39. Any other justification for termination cited by Defendant is mere pretext in an attempt to cover up the true intention behind its actions.

40. As a direct result of Defendant's conduct, Plaintiff has suffered loss of back pay, loss of front pay, loss of reputation, and emotional damages, and he has been otherwise damaged in amount to be proven at trial.

WHEREFORE, Plaintiff, HARRY LAMEIER, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, EC SOURCE SERVICES, LLC, and award Plaintiff: (a) damages arising from Defendant's unlawful retaliation under the FLSA; (b) all reasonable attorney's fees and costs incurred as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

### **DEMAND FOR JURY TRIAL**

Plaintiff, HARRY LAMEIER, requests and demands a trial by jury on all appropriate claims.

**Dated this 6th day of July 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Harry Lameier*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*
*April@jordanrichardspllc.com*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on July 6, 2020.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**